379 So.2d 1031 (1980)
BREVARD BOARD OF COUNTY COMMISSIONERS and U.S. Fidelity and Guaranty Company, Appellants,
v.
Billie E. CALDWELL, Appellee.
No. QQ-221.
District Court of Appeal of Florida, First District.
February 18, 1980.
John R. Gierach of Gierach & Ewald, Orlando, for appellants.
Robert G. Ferrell, III, of Ferrell & Jacobus, Melbourne, for appellee.
MILLS, Chief Judge.
In the initial order entered in this case, the Judge of Industrial Claims set forth extensive findings of fact and ruled that the claimant had suffered permanent total disability. The Industrial Relations Commission reversed on appeal, holding that the claimant had not undertaken a sincere and thorough work search. IRC Order 2-3313 (January 10, 1978), cert. denied at 364 So.2d 882 (Fla. 1978). On remand, the Judge simply adopted and incorporated the findings of his previous order except the finding of permanent total disability and entered a finding of 70 percent permanent partial disability based on loss of wage earning capacity. We reverse.
A finding of permanent partial disability based on the loss of wage earning capacity requires that there be a bona fide work search. Since the earlier order by the Industrial Relations Commission was res judicata as to the adequacy of the work search, the Judge of Industrial Claims was bound by it and was limited on remand to entry of an order based on anatomical impairment. See Florida Parole and Probation Commission v. Fry, IRC Order 2-2864 (October 30, 1975).
Two other issues were raised in this appeal: that it was error to award further remedial care and treatment while simultaneously finding maximum medical improvement and that it was error to order payment of outstanding medical bills when no medical bills were introduced into evidence. The record shows that these awards were included in the original order and were not *1032 challenged in the earlier appeal to the Industrial Relations Commission. For this reason, we now affirm.
Since we are reversing the award of benefits, attorney's fees must also be reversed and remanded for reconsideration.
REVERSED and REMANDED for entry of an order consistent with this opinion.
McCORD, J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla.1st DCA 1979).
On the merits, I would concur in the majority's opinion.